### COMMONWEALTH v. WESLEY KELLEY.

**Criminal Law—Misdemeanor—Sufficiency of Evidence to Constitute.**

In order to convict for a misdemeanor, it is not necessary for the offender to have been the actual perpetrator of the wounding; it was only necessary that he was present, aiding and abetting the act, to make him a principal in the second degree.

**Same—Instructions.**

An instruction "that the defendant, in a sudden affray, without previous malice and not in self defense did shoot and wound," etc., **held** erroneous in that the jury were told that he could not be found guilty unless he fired the fatal shot.

APPEAL FROM BOYD CIRCUIT COURT.

June 8, 1870.

OPINION OF THE COURT BY JUDGE PETERS:

Appellee was indicted, with others, in the Boyd circuit court for unlawfully shooting and wounding George Shockey, in a sudden affray, without previous malice, and not in self-defense.

He asked for and obtained a separate trial, and after the evidence was closed, which conduced to show that he was present, participating in the common purpose which took him and those

with him to the place where the offense was committed, and while it is not made certain by the testimony that he fired the shot which caused the wound, he was present, had a pistol and was aiding and approving what was done on the occasion.

After the evidence was closed the court *sua sponte* instructed the jury if they believed from the evidence to the exclusion of *every* reasonable doubt that the defendant, Wesley Kelley, within 12 months before the finding of the indictment, and in the county of Boyd, shot and wounded George Shockey in a sudden affray, without previous malice, and not in self-defense, without killing him, such shooting and wounding is a misdemeanor, and they will find the accused guilty, and assess his fine so that it be not less than $50, nor more than $500, and they may in their discretion add to the fine imprisonment not less than six months, nor more than one year,, or they may fine without imprisonment or imprison without fine, one or both, in their discretion, within the limits aforesaid.

A verdict and judgment of acquittal having been rendered, the Commonwealth has brought the case to this court.

By this instruction the jury was bound to find the defendant not guilty unless he fired the shot by which Shockey was wounded. This we apprehend is not the law of the case. In order to convict him it was not necessary that he should have been the actual perpetrator of the wounding; but if he started out in concert with the person who did the shooting, and was present, aiding and abetting the act that made him a principal in the second degree, and the punishment in misdemeanors is the same whether the party be guilty in the first or second degree.

*3 Greenleaf on Evidence, sections 40-42. 1 Whart. Crim. Law, section 116.*

The instruction of the court being in conflict with these principles was erroneous. Wherefore, the judgment is reversed, and the cause is remanded for a new trial and for further proceedings consistent herewith.

*Stewart, Attorney General, for appellant.*